UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 11-60144-MBM

**PEDRO ANDRES HABER,**                                   Chapter 7

    Debtor.                                     HON. MARCI B. McIVOR
_____/

## UNITED STATES TRUSTEE'S
## STATEMENT PURSUANT TO 11 U.S.C. § 704(b)(2)

Daniel M. McDermott, United States Trustee for Michigan and Ohio, pursuant to 11 U.S.C. § 704(b)(2), states as follows:

1. The above-named Debtor commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on July 26, 2011.

2. The Debtor is an individual and has what appears to be primarily consumer debts.

3. After reviewing materials filed and provided by the Debtor, the United States Trustee determined that the presumption of abuse under § 707(b)(2) arises in this case.

4. Accordingly, the United States Trustee filed a statement pursuant to § 704(b)(1) indicating that this case is presumed to be an abuse under § 707(b)(2).

5. 11 U.S.C. § 704(b)(2) provides:

The United States trustee (or bankruptcy administrator, if any) shall, not later than 30 days after the date of filing a statement under paragraph (1), either file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the United States trustee (or the bankruptcy administrator, if any) does not consider such a motion to be appropriate, if the United States trustee (or the bankruptcy administrator, if any) determines that the debtor's case should be presumed to be an abuse under section 707(b) and the product of the debtor's current monthly income, multiplied by 12 is not less than [the applicable median family income amount].

6. The presumption of abuse arose in this case because, after making adjustments to the Debtor's total deductions on Form 22A by disallowing secured debt payments claimed on Line 42 for property that is being surrendered, the Debtor's disposable income exceeds the threshold amount establishing a presumption of abuse.

7. Based upon currently available information the United States Trustee will not file a motion to dismiss this case under § 707(b)(2), because the United States Trustee does not consider such a motion to be appropriate in light of this Court's decision in *In re McKinnon*, Case No. 06-55324 (Bankr. E.D. Mich. entered February 16, 2007) (unpublished decision).

6. In particular, the United States Trustee contends that the Debtor is not entitled to take deductions on Form 22A for obligations associated with property that will be surrendered. When these deductions are eliminated from the Debtors' Form 22A, the presumption of abuse arises. In the *McKinnon* decision, this Court ruled that debtors were entitled to deduct from their current monthly income the average monthly payments on loans secured by collateral they were surrendering.

**WHEREFORE,** based upon the foregoing, the United States Trustee does not consider a motion to dismiss under 11 U.S.C. § 707(b)(2) to be appropriate under the circumstances.

    Respectfully submitted,

    **DANIEL M. McDERMOTT**
    **UNITED STATES TRUSTEE**
    Region 9

By: /s/ Jill M. Gies (P56345)
    Jill.Gies@usdoj.gov
    Trial Attorney
    Office of the U.S. Trustee
    211 West Fort Street - Suite 700
    Detroit, Michigan 48226
    313.226.7913

Dated: September 8, 2011