UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                             Case No. 11-60144-MBM

**PEDRO ANDRES HABER,**                            Chapter 7

    Debtor.                      HON. MARCI B. McIVOR
_____/

## MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(3)

Daniel M. McDermott, United States Trustee, states as follows:

**Jurisdiction**

1. The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed pursuant to 11 U.S.C. § 707(b)(3). A proposed Order is attached.

**Facts**

2. The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 26, 2011.

3. The Debtor's obligations are primarily consumer debts.

4. Excluding a substantial student loan, the Debtor scheduled nonpriority unsecured debt of about $140,000.

5. The Debtor's Amended Schedule I, Docket #15, lists net monthly income of $6,919.73.

6. The Debtor's Amended Schedule J, Docket #15, lists monthly expenses of $6,938.00.

7. As scheduled, the Debtor has a net monthly deficit of $18.27.

8. The Debtor's gross annual income is $118,000.00 for 3 individuals; an amount that exceeds the state median by nearly $58,000.

9. The Debtor's Schedule J list expenses which exceed what is reasonable and necessary for his support. They include;

    a. $200.00 for clothing;

    b. $780.00 for transportation, not including installment payments;

    c. $454.00 for life insurance;

    d. $628.00 for vehicle installment payments, which includes an automobile and a motorcycle; and

    e. $750.00 for student loan debt payments[1].

10. After appropriate adjustments to Schedules the Debtor would have an ability to repay a significant portion of unsecured obligations.

11. The Debtor's attempt to obtain relief under Chapter 7 while continuing his excessive spending constitutes an abuse of the provisions of Chapter 7.

**WHEREFORE,** the United States Trustee respectfully requests the entry of an order dismissing the above-captioned proceeding as an abuse of Chapter 7.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By: /s/ Jill M. Gies (P56345)
Jill.Gies@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
313. 226.7913

Dated: September 28, 2011

---

[1] Originally, the scheduled monthly payment for the student loan debt was $375. Regardless, the debt is an unsecured claim warranting no greater treatment than other unsecured creditors.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                              Case No. 11-60144-MBM

**PEDRO ANDRES HABER,**            Chapter 7

    Debtor.                                 HON. MARCI B. McIVOR
_____/

**ORDER DISMISSING CHAPTER 7CASE**

    **THIS MATTER** came before the Court upon the Motion of the United States Trustee for an order dismissing the above captioned case under the provisions of § 707(b)(3) of the Bankruptcy Code.

    The Court, having considered the pleadings filed herein, no objection to the motion having been filed,

    **IT IS ORDERED** that above captioned case shall be and the same is **DISMISSED.**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-60144-MBM

**PEDRO ANDRES HABER,**  Chapter 7

    Debtor.  HON. MARCI B. McIVOR
_____/

## NOTICE OF MOTION TO DISMISS CHAPTER 7 CASE

    The Office of the United States Trustee has filed papers with the court to dismiss the above entitled case pursuant to 11 U.S.C. § 707(b)(3).

    **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.)

    If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

    1. File with the court a written response or an answer, explaining your position at:[2]

        United States Bankruptcy Court
        211 West Fort Street
        Detroit, MI 48226

    If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

    You must also mail a copy to:    Jill M. Gies, Esq.
                                      Office of the United States Trustee
                                      211 West Fort Street, Suite 700
                                      Detroit, MI 48226

    2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                      **DANIEL M. McDERMOTT
                                                      UNITED STATES TRUSTEE**
                                                      Region 9

                By:    /s/ Jill M. Gies (P56345)
                          Jill.Gies@usdoj.gov
                          Trial Attorney
                          Office of the U.S. Trustee
                          211 West Fort Street - Suite 700
                          Detroit, Michigan 48226
                          313.226.7913

Dated: September 28, 2011

---

[2] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-60144-MBM

**PEDRO ANDRES HABER,**  Chapter 7

    Debtor.  HON. MARCI B. McIVOR
_____/

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES TRUSTEE'S
MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(3)**

Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

**Ability to Pay**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. *See, e.g., In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy"). The Court, however, stated that:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to <u>warrant dismissal</u>. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease.

*Id* at 126 (citations omitted)(emphasis added). Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b)(3).

The granting of relief to these Debtor would be an abuse of the provisions of chapter 7 pursuant to § 707(b)(3) because the totality of the circumstances of the Debtor's financial situation demonstrates abuse.

The Debtor's attempt to obtain relief under Chapter 7 while continuing her excessive spending constitutes an abuse of the provisions of Chapter 7. *In re Krohn,* 886 F.2d 123, 126 (6th Cir.1989), *In re Keating,* 298 B.R. 104, 110 (Bkrtcy. E.D.Mich. 2003)(McIvor, J.).

**Student Loan Debts**

Case law provides that as unsecured, nonpriority claims, guaranteed educational loans are entitled to no greater payment in a chapter 13 plan that other unsecured, nonpriority claims. *See, In reBentley,* 226 B.R. 229 (1st Cir. B.A.P. 2001) and *In re Mary Elaine Miller,* Case no. 05-24725-DOb (Bankr. E.D. Mich. Entered Nov. 18, 2008) (unpublished decision)

**CONCLUSION**

For the reasons stated above, the Court should dismiss this case as an abuse of Chapter 7.

    Respectfully submitted,

    **DANIEL M. McDERMOTT**
    **UNITED STATES TRUSTEE**
    Region 9


By:    /s/ Jill M. Gies (P56345)
    Jill.Gies@usdoj.gov
    Trial Attorney
    Office of the U.S. Trustee
    211 West Fort Street - Suite 700
    Detroit, Michigan 48226
    313.226.7913

Dated: September 28, 2011

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Case No. 11-60144-MBM

**PEDRO ANDRES HABER,**   Chapter 7

    Debtor.   HON. MARCI B. McIVOR
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2011, I served copies as follows:

1. Documents Served: *Motion to Dismiss Case, Notice of Motion* and *Certificate of Service.*

2. Served Upon: Pedro Andres Haber
   114 Village Place Drive
   Chelsea, MI 48118

3. Method of Service: First Class Mail

    **DANIEL M. McDERMOTT**
    **UNITED STATES TRUSTEE**
    Region 9

By:  /s/ Karen Riggs
    Karen.Riggs@usdoj.gov
    Paralegal Specialist
    Office of the U.S. Trustee
    211 West Fort Street - Suite 700
    Detroit, Michigan 48226
    313.226.7259

Dated: September 28, 2011